THOMAS N. DECOITE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
DeCoite
Docket No. 23342-91
United States Tax Court
T.C. Memo 1992-665; 1992 Tax Ct. Memo LEXIS 704; 64 T.C.M. (CCH) 1329; November 17, 1992, Filed *704 Decision will be entered under Rule 155. For Petitioner: Randall M.L. Yee. For Respondent: Henry E. O'Neill. KORNER
KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: For the year 1987, respondent determined a deficiency of Federal income tax and additions to tax against petitioner in the following amounts: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)(A) [1]
Sec. 6653(a)(1)(B)
Sec. 6661
1987
$ 108,203
$ 5,410
To be determined
$ 27,051
After concessions by both sides, the issues which we must resolve are: (1) Whether petitioner has substantiated his claimed losses from ranching for 1987 in the amount of $ 110,118; (2) whether petitioner had unreported gross income of $ 15,065 from a Government payment to him in 1987, and whether petitioner could claim exclusion of such amount *705 under section 1033; and (3) whether petitioner is liable for additions to tax under: a. Section 6653(a)(1)(A) and (B), and/or b. section 6661. FINDINGS OF FACT Petitioner was a resident of Hawaii when he filed his petition herein. He is a lifetime resident of Hawaii, his ancestors having migrated there from Portugal in 1902. Over the years, he has engaged in a number of businesses, including automobile repair, automobile painting, rental of property, and cattle ranching on the islands of Maui and Molokai. For 1987, his income and expenses from ranching were reported in the Schedule F attached to his 1987 income tax return. In that schedule, petitioner reported, inter alia, sales of livestock totaling $ 40,245, a cost of goods sold (cattle) of $ 32,196, a gross income of $ 8,049, and related additional deductions of $ 118,167, or a net loss on Schedule F of $ 110,118. Petitioner received payment of $ 15,065 in 1987 from the U.S. Department of Agriculture because of the destruction of diseased cattle on petitioner's ranches, which petitioner did not report as income. In the statutory notice of deficiency issued herein, respondent disallowed petitioner's claimed loss in *706 excess of reported gross income from Schedule F in the full amount of $ 110,118 and added to petitioner's income the $ 15,065 payment which petitioner had received for the diseased cattle. In effect, respondent allowed petitioner only $ 8,049 of expenses in connection with the cattle operation; respondent made no adjustment to petitioner's claimed cost of goods sold of $ 32,196. Respondent's statutory notice also determined additions to petitioner's 1987 income tax for negligence under section 6653(a)(1)(A) and (B), and also for substantial understatement of income tax under section 6661. Based on the record provided herein, the Court finds that in the conduct of his cattle operations in 1987, petitioner had the following deductible costs and expenses: [2]
Costs and Expenses
Amount
Supplies
$  3,720.51 Outside services
1,000.00 Professional fees
21,344.98 Rent
15,616.61 Utilities
1,621.96 Freight
2,590.41 Cost of goods sold (not contested)
32,196.00 Equipment lease
4,260.00 Total cost of goods sold
$ 82,350.47 and deductions
Less sales reported
$ 40,245.00
U.S. Government payment
15,065.00
55,310.00 Net loss from Schedule F
($ 27,040.47)
*707 OPINION 1. Petitioner's Claimed Loss from Ranching
The principal issue in this case, and the one which we first address, is the question of the deductions which are allowable to petitioner in the conduct of his ranching operation in 1987. As we have noted, respondent made no adjustment to the gross income (before the Government payment mentioned above) or the cost of goods sold as reported by petitioner in his Schedule F, but disallowed all deductions in excess of the amount of such reported gross income. Respondent's determination in disallowing petitioner's claimed ranching deductions apparently arose from the fact that petitioner produced no books and records for respondent's examination at the time petitioner's return was examined. Indeed, no adequate books and records supporting petitioner's claims were produced during the pretrial stages of this case. Only at trial did petitioner *708 attempt to introduce certain documentary evidence supporting his position, claiming that it had been discovered only the night before the trial began. Admission into evidence of this material was denied by the Court since it constituted a clear violation of the Court's pretrial order, requiring the parties to exchange proposed exhibits at least 2 weeks in advance of trial, so as to avoid unfair surprise by one party over another. The parties did do a considerable amount of stipulating, as a result of which some issues in the case were completely disposed of, and some amount of concession was made by respondent with respect to deductible items in petitioner's ranching operation. Nevertheless, petitioner's proof fell considerably short of that which is necessary, as to many claimed items of deduction, which might have been legitimate if petitioner had kept proper books and records and had timely presented them to respondent and at the trial. It must be remembered that petitioner had the burden of proof on all the issues presented in this case, Rule 142(a); . Where, as here, the taxpayer fails or refuses to produce *709 books and records to substantiate his reported income, he cannot complain that respondent's determination is arbitrary and excessive. , affd. without opinion (9th Cir. 1973); , affd. . We considered petitioner's extensive testimony at trial carefully, including his identification and substantiation of a number of claimed items of deduction through cancelled checks and the like. Some of these items we found sufficiently substantiated, but others were lacking and we rejected them. A factfinder may choose to discount a party's interested testimony, and petitioner was the only witness in this case. , affg. in part and remanding in part . Thus, the situation at trial was that the Court was convinced that petitioner was conducting a legitimate cattle raising operation in Hawaii, and that he necessarily had to have a variety of expenses *710 in connection with such operation, which would be allowable as deductions herein. It was therefore apparent that petitioner was entitled to some amount of deductions under section 162(a) in connection with his ranching operation, and that respondent's action in disallowing all such claimed deductions in excess of reported gross income could not be sustained. The question, then, was how much to allow petitioner, based on the record presented in this case. In , affg. and remanding , the Second Circuit said: Absolute certainty in such matters in usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. But to allow nothing at all appears to us inconsistent with saying that something was spent. * * * The amount may be trivial and unsatisfactory, but there was basis for some allowance, and it was wrong to refuse any, even though it were the traveling expenses of a single trip. It is not fatal that the result will inevitably *711 be speculative; many important decisions must be such. * * * We have accordingly determined petitioner's allowable deductions as we have shown in our Findings of Fact herein. Where an item was stipulated by the parties or conceded by respondent, or where we found petitioner's claim adequately supported both by canceled check and by his testimony, we have allowed it. Where we found the explanation unsatisfactory, unsupported, or incomplete, we have rejected it. On the present record, it is the best we can do. 2. The Payments for Diseased Cattle
It was stipulated that in 1987 the U.S. Department of Agriculture paid $ 15,065 to petitioner as compensation for cattle which he owned, which had been destroyed because of disease, and that this amount was not reported as income on Schedule F of the return. Petitioner concedes that this was so, but claims that the amount was entitled to exclusion from income under the provisions of section 1033 because the money was used to purchase replacement cattle for those which had been destroyed. We reject this claim because there is no proof that the damage award which petitioner received was actually reinvested in cattle or other property *712 of like kind, within the period required by section 1033. The statute also requires that in order to be entitled to nonrecognition, the cost basis of the new cattle acquired must be reduced by the unrecognized gain on the old (destroyed) cattle. Petitioner made no effort to demonstrate the necessary adjustment to the value of cattle inventory because of this requirement. Respondent made no adjustment to the cost of goods sold in petitioner's Schedule F, which computation included both the cost of cattle purchased as well as the cost of cattle on hand at the end of the year. Accordingly, we must sustain respondent's determination that the damage award should be added to petitioner's income, without further adjustment. 3. The Additions to Tax
A. Respondent determined additions to tax on account of negligence against petitioner under section 6653(a)(1)(A) and (B). The burden of proof on this matter was on petitioner, . No evidence on the matter was presented at trial, and aside from a pro forma statement, petitioner really said nothing about it. Respondent's determination must accordingly be sustained. *713 B. Respondent also determined an addition to tax against petitioner for 1987 under section 6661. This section provides for a 25-percent addition to tax if there is a "substantial understatement" of tax exceeding the greater of 10 percent of the tax required to be shown on the return or $ 5,000. A taxpayer may avoid the penalty, to the extent that a portion of the understatement may be attributable to the taxpayer's treatment of the items for which there is substantial authority, or with respect to any item as to which the relevant facts affecting the taxpayer's treatment are adequately disclosed in the taxpayer's return or in a statement attached to the return. Sec. 6661(b)(2)(B). In this case, there is no suggestion that there was adequate authority for the position which petitioner took, or that there was adequate disclosure of the matters causing the understatement in the taxpayer's return. Accordingly, if the numerical thresholds are satisfied, as stated above, in the Rule 155 computation, respondent's determination of this item must be sustained. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Some of these expenses were established by respondent's concessions, and others by the evidence received at trial.↩